**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

ALEXANDER PALOMAREZ,

      Petitioner,

v.                                 No. 18-CV-00298-RB-SMV

DARIN YOUNG, *Warden,*
MARTY JACKLEY, *Attorney General*,

      Respondents.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

THIS MATTER is before the Court, pursuant to Rules 4 and 11 of the Rules Governing Section 2254 Cases In The United States District Courts, on Petitioner Alexander Palomarez's "Petition for Relief" filed on March 20, 2018. (Doc. 1.) Petitioner asks the Court to vacate his South Dakota criminal conviction and sentence because the United States District Court for the District of South Dakota has denied him relief on his prior and pending petitions for writs of habeas corpus under 28 U.S.C. § 2254, even though he has "exculpatory evidence to prove actual innocence." (*Id.* at 3; *see also* Doc. 2.) For the reasons explained below, Petitioner's "Petition for Relief" will be construed as a petition for writ of habeas corpus under 28 U.S.C. § 2254 and will be dismissed without prejudice for lack of jurisdiction.

The "sole federal remedy" for a prisoner who challenges "the very fact or duration of his physical imprisonment" and seeks "a determination that he is entitled to immediate release or a speedier release from that imprisonment" is a petition for writ of habeas

corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). A petition for writ of habeas corpus under 28 U.S.C. § 2254 "is the proper avenue for attacking the validity of a [state] conviction and sentence." *Yellowbear v. Wyo. Attorney Gen.*, 525 F.3d 921, 924 (10th Cir. 2008). Therefore, the Court liberally will construe Petitioner's "Petition for Relief" as a petition for writ of habeas corpus under 28 U.S.C. § 2254.[1]

This is not the first time that Petitioner has challenged his South Dakota conviction and sentence via a petition for writ of habeas corpus under 28 U.S.C. § 2254. On October 6, 2017, Petitioner filed a § 2254 petition in this Court challenging his South Dakota conviction and sentence, which the Court transferred to the United States District Court for the District of South Dakota on February 28, 2018. *See Palomarez v. Young*, 17-CV-01026-JCH-KBM, Doc. 20 (D.N.M. Feb. 28, 2018); *see also St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Co.*, 605 F.2d 1169, 1172 (10th Cir. 1979) (noting that "federal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue"). Additionally, the record reflects that Petitioner has filed two prior § 2254 petitions in the United States District Court for the District of

---

[1] Ordinarily, when a district court recharacterizes a *pro se* pleading as a first § 2254 petition, the Court must "notify the pro se litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent [§ 2254] motion will be subject to the restrictions on 'second or successive' motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the [§ 2254] claims he believes he has." *Castro v. United States*, 540 U.S. 375, 383 (2003). This restriction does not apply, however, where the petitioner previously filed a § 2254 petition, because "if the prisoner has filed once, any future motion will be subject to the same constraints whether it is the second [§ 2254] motion or a third." *United States v. Nelson*, 465 F.3d 1145, 1149 (10th Cir. 2006). As explained in the body of this opinion, this is not Petitioner's first § 2254 petition and, therefore, the Court need not provide Petitioner with notice and an opportunity to amend or withdraw his *pro se* pleading prior to recharacterization.

South Dakota challenging the same South Dakota conviction and sentence. (Doc. 2 at 6 (noting that Petitioner's first § 2254 petition was dismissed based on the doctrine of procedural default, and his second § 2254 petition was pending dismissal for lack of jurisdiction); *see also Palomarez v. Young*, CIV 15-5007-JLV (D.S.D. 2016); *Palomarez v. Young*, CIV 17-5070 (D.S.D. 2017).)

This is Petitioner's fourth § 2254 petition, but he has not received permission from the appropriate United States Court of Appeals to file a "second or successive" § 2254 petition under 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). "A district court does not have jurisdiction to address the merits of a second or successive § 2255 or 28 U.S.C. § 2254 claim until [the United States Court of Appeals] has granted the required authorization." *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008). "When a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from [the Court of Appeals], the district court may transfer the matter to [the Court of Appeals] if it determines it is in the interest of justice do so under [28 U.S.C.] § 1631, or it may dismiss the motion or petition for lack of jurisdiction." *Id.*

> Factors considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*Id.* Furthermore, "[w]here there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter to [the Court of Appeals] for authorization." *Id.* at 1252. To be meritorious, a second or successive § 2254 petition must be based on: (1) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable"; or (2) a factual predicate that "could not have been discovered previously through the exercise of due diligence" and "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(1)(i)–(ii).

The Court concludes that Petitioner's § 2254 petition lacks merit, because it is not based on a new rule of constitutional law, and although Petitioner alleges that he is actually innocent of the crime of which he was convicted and that he has the exculpatory evidence to prove his innocence, he fails to identify what this exculpatory evidence is, explain why it could not have been discovered earlier through the exercise of due diligence, and link it to a constitutional error at trial. *See Case v. Hatch*, 731 F.3d 1015, 1037 (10th Cir. 2013) (noting that a "freestanding innocence claim under the Supreme Court's decision in *Herrera* cannot be brought in a successive petition governed by § 2244(b)(2)(B)(ii)" because the statute "requires a linkage between constitutional error at trial and a potential constitutional violation"). Because there is no risk that a meritorious second or successive claim will be lost, the Court declines to transfer this case to the

United States Court of Appeals and, instead, will dismiss Petitioner's second or successive § 2254 petition without prejudice for lack of jurisdiction.

In a habeas proceeding, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing Section 2254 Cases In The United States District Courts. To be entitled to a certificate of appealability, Petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Reasonable jurists could not debate the Court's conclusion that Petitioner's § 2254 petition is a second or successive petition over which this Court lacks jurisdiction and, therefore, a certificate of appealability will be denied.

IT IS THEREFORE ORDERED that Petitioner's "Petition for Relief" (Doc. 1), which the Court construes as a petition for writ of habeas corpus under 28 U.S.C. § 2254, is DISMISSED without prejudice for lack of jurisdiction, a certificate of appealability is DENIED, and judgment will be entered.

_____
ROBERT C. BRACK
UNITED STATES DISTRICT JUDGE